# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA L. MARTINEZ, | Case No.: 1:18-cv-00940-BAM |
| Plaintiff, | **ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND** |
| v. | |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | |
| Defendant. | |

## **INTRODUCTION**

Plaintiff Rosa L. Martinez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DBI") under Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

Having considered the parties' briefs, along with the entire record in this case, the Court finds that the Administrative Law Judge ("ALJ") erred in evaluating Plaintiff's credibility. Accordingly, the

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.
[2] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. Nos. 7, 9.)

1

Court will direct that the Commissioner's determination be REVERSED and REMANDED for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff protectively filed an application for a period of disability and DBI on March 31, 2014. AR 206-207.[3] In her application, Plaintiff alleged disability beginning December 8, 2000. AR 206. Plaintiff's applications were denied initially and on reconsideration and Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). AR 109-113, 116-136. ALJ Shiva Bozarth held a hearing on May 4, 2017. AR 34-77. At the hearing, Plaintiff amended her alleged onset date to March 23, 2012. AR 37. The ALJ issued an order denying benefits on August 9, 2017. AR 16-33. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-7. This appeal followed.

**Relevant Hearing Testimony**

The ALJ held a hearing on May 4, 2017, in Fresno, California. Plaintiff appeared in person with her attorney, Jonathan Pena. Impartial Vocational Expert Bonnie Sinclair also appeared. AR 36.

In response to questioning by the ALJ, Plaintiff testified that she previously worked in a temporary position as a secretary at a law firm for one month in 2013. As part of her duties, she was primarily seated but sometimes stood and carried files weighing up to ten pounds, filed documents, typed from dictation, used timekeeping and other computer programs, and made telephone calls. Plaintiff testified that she had trouble focusing on her work. AR 45-48.

Plaintiff also previously worked part time with In-Home Supportive Services and as a legal secretary. Plaintiff testified that her previous jobs as a legal secretary were more physical and demanding than the temporary legal secretary position she held in 2013 because the files she handled were larger and the law firms were bigger, which resulted in more time constraints and pressure. When asked about her education, Plaintiff testified that she completed her freshman year in high school. AR 49-52.

Plaintiff testified that she hurt her back in 2000 when she slipped while removing folding

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

tables from a truck while working as an office manager for a startup company. Plaintiff also injured her shoulder and right elbow during a separate incident after she slipped on some spilled coffee while working as a legal secretary at a law firm. Additionally, Plaintiff injured her knee approximately three-to-four years prior to the hearing. AR 53-55.

When asked about her daily activities, Plaintiff testified that she lives in a first-floor apartment with her son. Plaintiff cooks her own light meals and barbecues and her son does his own cooking. Plaintiff is able to clean but testified that it is a challenge for her. If she vacuums or does light cleaning, she is in pain at the end of the day. She does her own grocery shopping and drives herself. Plaintiff can walk a mile but must take breaks due to pain. Plaintiff must sit for two-to-three minutes for every four-to-five minutes of walking. She testified that sitting for long periods of time is challenging due to discomfort in her back. Plaintiff testified that, although she had been sitting for approximately twenty minutes during the hearing, she can typically only sit for approximately fifteen minutes at a time while at home before she must stand for approximately ten-to-fifteen minutes. Plaintiff does not use a walking stick or cane. AR 54-59.

In response to questioning by her attorney, Plaintiff testified that her pain is the worst in her lower back and neck. She experiences pain all the time, which she described as a ten out of ten without medication and a six or seven out of ten with medication. Activities such as housework or moving chairs increases her pain levels, even with medication. Plaintiff estimates that she spends two hours of a typical day doing chores. She further testified that she is constantly fatigued and frequently takes naps for four or more hours per day. Pain affects her concentration abilities and she is frequently forgetful and has difficulty with her focus and speech. Plaintiff has difficulty watching movies and reading due to her poor concentration. AR 60-65.

In response to questioning regarding her knee, Plaintiff testified that she underwent surgery in September of 2015 and has continued to experience weakness and swelling. In order to relieve the swelling, Plaintiff sits, uses topical pain ointments, elevates her leg, and uses a knee brace. Plaintiff also testified that she has arthritis in her hands, knee, and back. AR 65-69.

Following Plaintiff's testimony, the ALJ elicited testimony from the Vocational Expert ("VE") Bonnie Sinclair. The VE testified that Plaintiff's work history included work as a legal secretary. The

ALJ also asked the VE hypothetical questions. For all hypotheticals, the ALJ asked the VE to assume an individual with the same age, education, and work experience as Plaintiff. For the first hypothetical, the ALJ asked the VE to assume this individual can lift and carry twenty pounds occasionally and ten pounds frequently, stand or walk at least six hours in an eight-hour day, occasionally climb stairs, ramps, ladders, ropes and scaffolds, occasionally balance, stoop, kneel, crouch and crawl, and perform limited to occasional bilateral overhead reaching. The VE testified that Plaintiff's past work would be available. AR 70-72.

For the second hypothetical, the ALJ asked the VE to assume the hypothetical individual can lift or carry ten pounds occasionally, approximately five pounds frequently, stand or walk two hours in an eight-hour day, could not stand or walk for more than twenty minutes without needing to sit at their work station, occasionally climb stairs or ramps, never climb ladders, ropers, or scaffolds, occasionally balance, occasionally stoop, kneel, crouch, or crawl, and would be limited to occasional bilateral overhead reaching. The VE testified that Plaintiff's past work would be available. AR 72.

For the third hypothetical, the ALJ asked the VE to assume the hypothetical individual needs to take two additional fifteen-minute breaks per day to rest. The VE testified that Plaintiff's past work would not be available and there was no other work available in the national economy for such an individual.

Plaintiff's attorney asked the VE hypothetical questions. Plaintiff's attorney asked the VE to assume a hypothetical individual with the same age, education, and work background as Plaintiff, who can stand and walk six hours in an eight-hour work day, sit six hours in an eight-hour work day, lift and carry twenty pounds occasionally and ten pounds frequently, occasionally balance, stoop, kneel, crouch, and crawl, occasionally reach overhead bilaterally, and would be limited to simple routine tasks due to pain. The VE testified that Plaintiff's past work would not be available, and this individual would be limited to light work.

Plaintiff's attorney then asked the VE to assume this hypothetical individual has the capacity to lift and carry ten pounds occasionally and five pounds frequently, stand and walk two hours in an eight-hour work day, sit for six hours in an eight-hour work day, and would be limited to occasional reaching overhead bilaterally or in any direction. The VE testified that Plaintiff's past work would not

4

be available and there was no other work available in the national economy for such an individual.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to the Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 16-33. Specifically, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act on March 31, 2015 and had engaged in substantial gainful activity from December 2012 to January 2013. AR 21. The ALJ found that there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity, and the ALJ's remaining findings addressed the period(s) during which Plaintiff did not engage in substantial gainful activity. AR 21. Further, the ALJ identified degenerative disc disease, right ACL tear, arthritis, and obesity as severe impairments through the date last insured. AR 21-23. The ALJ then determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 22. Based on a review of the entire record, the ALJ determined that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform a range of light work and could lift and carry up to twenty pounds occasionally and ten pounds frequently, was able to stand and/or walk up to six hours and sit for six hours over the course of an eight-hour work day, could occasionally balance, stoop, kneel, crouch, and crawl, was able to occasionally climb ramps, stairs, ladders, ropes, or scaffolds, and could occasionally reach overhead bilaterally. AR 23-27. With this RFC, the ALJ determined that, through the date last insured, Plaintiff was capable of performing past relevant work as a legal secretary and this work did not require the performance of work-related activities precluded by Plaintiff's RFC. AR 27-28. The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from March 23, 2012, the amended alleged onset date, through March 31, 2015, the date last insured. AR 28.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to

deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[4]

Plaintiff argues that the ALJ erred by failing to evaluate the impact of Plaintiff's ACL tear in

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

developing the RFC because he failed to obtain a medical opinion from a physician regarding the functional impact of Plaintiff's ACL tear and instead adopted the opinions of physicians rendered prior to this injury. (Doc. No. 19 at 8-10.) Further, Plaintiff asserts that the ALJ improperly failed to credit Plaintiff's subjective symptom testimony. (Doc. No. 15 at 10-11.) The Commissioner contends, in turn, that Plaintiff's ACL tear was only a temporary condition that did not last for the 12-month period necessary to establish disability and the ALJ was not obligated to obtain further medical opinions regarding Plaintiff's ACL tear. (Doc. No. 16 at 4-6.) On reply, Plaintiff argues that her right knee injury met the 12-month durational requirement. (Doc. No. 17 at 2.)

### A. Subjective Symptom Testimony

At the hearing Plaintiff testified that severe pain from her impairments, including back, shoulder, and knee pain, limits her ability to stand, sit, and walk. AR 56-61. Plaintiff contends that the ALJ improperly rejected her subjective complaints of knee limitations and pain. (Doc. No. 15 at 10-11.) The Court agrees.

Here, the ALJ rejected Plaintiff's testimony by stating the following:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to produce the above alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with objective medical and other evidence.

AR 27.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995). However, the ALJ's findings discounting the claimant's testimony regarding the severity of his or her symptoms must be supported by specific, cogent reasons. *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir.1990). Where, as here, an ALJ concludes that a claimant has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, unless there is affirmative evidence showing that the claimant is malingering, the reasons for rejecting

7

the claimant's testimony must be "clear and convincing." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995) (internal quotation marks omitted); *Swenson v. Sullivan,* 876 F.2d 783, 687 (9th Cir. 1989). Moreover, a finding that a claimant's testimony is not credible "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991) (citation and internal quotation marks omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester,* 81 F.3d at 834; *see also* Social Security Ruling 16-3P, 2017 WL 5180304, at *11 (S.S.A. Oct. 25, 2017) ("In evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single, conclusory statement that . . . 'the statements about the individual's symptoms are (or are not) supported or consistent.'"); *Moisa v. Barnhart,* 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.").

The ALJ found that Plaintiff had the severe impairments of degenerative disc disease, right ACL tear, arthritis, and obesity. AR 21. He also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" and did not make a finding that Plaintiff was malingering. AR 27. Therefore, the ALJ was required to provide clear and convincing reasons for discrediting her testimony. *Lester,* 81 F.3d 821, 834. Having carefully reviewed the record, the Court finds that the ALJ failed to do so. Instead, the ALJ merely stated the boilerplate legal standard to be applied when evaluating a claimant's credibility and concluded that Plaintiff's unspecified statements were "not entirely consistent with the medical evidence or other evidence in the record[.]" AR 27. Such a finding lacks the support of substantial evidence and is insufficient for meaningful review.

The Court recognizes that lack of medical evidence is a factor that the ALJ can consider in discounting a claimant's subjective complaints. However, although the ALJ summarized much of the administrative record in making his RFC determination, "providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Additionally, the ALJ could not properly reject Plaintiff's testimony due to inconsistency with the medical evidence alone.[5] *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("[O]nce a claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.") (citation omitted).

Here, the ALJ did not identify specifically which of Plaintiff's statements were not credible or what evidence contradicted those statements. The ALJ's non-credibility finding accordingly does not provide the specificity required for this Court to review the ALJ's decision meaningfully, such that the Court may ensure that Plaintiff's testimony was not arbitrarily discredited. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). The Court "cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [Plaintiff's] pain testimony where, as here, the ALJ never identified *which* testimony [he] found not credible, and never explained *which* evidence contradicted that testimony." *Brown-Hunter,* 806 F.3d at 49 (citation omitted). Indeed, the Court "may not take a general finding—an unspecified conflict between Claimant's testimony . . . and her reports to doctors—and comb the administrative record to find specific conflicts." *Burrell v. Colvin,* 775 F.3d 1133, 1138 (9th Cir. 2014). The Court likewise "cannot substitute [its] conclusions for the ALJ's or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler,* 775 F.3d at 1103 (citation omitted).

---

[5] While the ALJ's non-credibility finding also refers to "other evidence in the record," this evidence is not identified. Moreover, a review of the ALJ's opinion indicates that the only "other" evidence that the ALJ discussed is Plaintiff's Function Report and a Third Party Function Report provided by Plaintiff's sister. The ALJ does not identify any reasons why this other evidence is inconsistent with Plaintiff's testimony.

Notably, the Commissioner does not address the ALJ's non-credibility finding in his opposition. Instead, the Commissioner argues that Plaintiff's knee injury did not meet the durational requirement necessary to be considered a severe impairment. However, this argument has no bearing on the ALJ's evaluation of Plaintiff's testimony. Moreover, the Court cannot entertain *post hoc* rationalizations. *See, e.g., Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm on a ground upon which he did not rely"). While there may be facts included in the record which the ALJ could have utilized in supporting his credibility determination, the ALJ did not make the necessary connections. The ALJ is not obligated to discuss every credibility factor but he must at least discuss some specific and legitimate credibility findings and weigh them against Plaintiff's subjective symptom testimony. If the ALJ then chooses to reject Plaintiff's subjective testimony, he is required to explain which evidence and why he rejected it. *Vincent v. Heckler,* 739 F.2d 1393, 1394–95 (9th Cir.1984) (ALJ required to explain why "significant probative evidence has been rejected"). Therefore, the ALJ's determination that Plaintiff's testimony was not credible without sufficient analysis constitutes error and remand is required.

Because the Court remands this case for renewed consideration of Plaintiff's subjective symptom testimony, the Court dispenses with an exhaustive analysis of Plaintiff's remaining arguments. *See Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised."); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

**B. Remand is Required**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Here, Plaintiff has requested remand, and the circumstances of this case indicate that there are outstanding issues that must be resolved before a final determination can be made. Further

administrative review may remedy the ALJ's error and thus remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *see also Garrison*, 759 F.3d at 1021 (court may "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled").

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's adverse credibility finding warrants remand. Accordingly, the decision is **REVERSED** and the case **REMANDED** to the ALJ for further proceedings. On remand, the ALJ should reconsider Plaintiff's credibility and explain the reasons for determining the extent to which Plaintiff was credible and the effect of this determination on Plaintiff's claim for benefits. The ALJ shall then proceed through steps four and five to determine what work, if any, Plaintiff is or was capable of performing and for what period of time. If deemed necessary, the Commissioner may hold a further hearing and receive additional evidence to address any additional issues.

Accordingly, the Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Rosa L. Martinez and against Defendant Andrew Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **March 11, 2020**        /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE

11