UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA L. MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:18-cv-00940-BAM<br><br>**ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**<br><br>(Doc. 22) |

Currently before the Court is the motion for attorney fees filed by Jonathan O. Peña ("Counsel"), attorney for Rosa L. Martinez ("Plaintiff"), on June 24, 2022.[1] (Doc. 22.) Counsel requests fees in the amount of $42,651.13, pursuant to 42 U.S.C. § 406(b). (*Id.* at 3.) Plaintiff has not objected to the request. On June 27, 2022, the Commissioner of Social Security ("Commissioner") filed a statement of non-party analysis in response to the fee request under § 406(b). (Doc. 25). No reply was filed, and the time in which to do so has passed. (*See* Doc. 24.)

Having considered the motion and its supporting documentation, as well as the record in this case, the Court will grant the motion.

///

---

[1] This action proceeds before the Honorable Barbara A. McAuliffe for all purposes, including entry of final judgment. *See* 28 U.S.C. § 636(c).  (*See* Doc. 26.)

1

**I.     Relevant Background**

Plaintiff filed this action challenging the denial of social security benefits on July 12, 2018. (Doc. 1.) On March 11, 2020, the Court issued an order reversing the Commissioner's denial of benefits and remanding the action for further proceedings. (Doc. 18.) Judgment was entered in Plaintiff's favor. (Doc. 19.) On June 2, 2020, the Court approved the parties' stipulation to award Plaintiff attorney fees of $5,500.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 21.)

On remand, an administrative law judge found Plaintiff was disabled. (Doc. 25 at 2.) Past benefits were awarded in the amount of $179,844.00; 25% of that amount is $44,961.00. (Doc. 21-1.) Counsel previously received payment of $5,500.00 in EAJA fees. (Doc. 22 at 7, ¶ 3 ("Plaintiff's counsel was previously awarded $5,500 in EAJA fees . . . ").

In the present motion, Counsel seeks attorney's fees in the amount of $42,651.13.[2] (Doc. 22.) Counsel contends this fee is reasonable, noting that he "obtained a favorable outcome for plaintiff, ultimately resulting in a remand for further administrative proceedings and significant award of past due benefits." (*Id.* at 5.) The Commissioner filed a statement of nonparty analysis and took no position on the reasonableness of Counsel's request for fees. (Doc. 25.) Plaintiff did not file any objection to Counsel's request.

**II.    Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section

---

[2] Counsel was informed by Plaintiff's counsel at the agency level, Melissa A. Proudian, that she received an authorization to charge and collect a fee for $2,309.87. (Doc. 22 at 3; Doc. 22-1 ("We withheld $2,309.87 from your past-due benefits to pay the representative.") Counsel indicates that he is seeking less than 25% of Plaintiff's past-due benefits so that no more than 25% will be collected against Plaintiff's past-due benefits. (*Id.*)

406(b) controls fees awarded for representation of Social Security claimants in court). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, supra, 535 U.S. at 807. "[A]n award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA." *Jones v. Comm'r of Soc. Sec.,* No. 1:17-cv-00846-SAB, 2021 WL 84401, at *2 (E.D. Cal. Jan. 11, 2021) (citing *Gisbrecht*, 535 U.S. at 796.).

### III.     Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of the motion for attorneys' fees under 42 U.S.C. § 406(b), Plaintiff's counsel attached the contingent fee agreement which provided for a contingent fee of 25% of the past-due benefits.  (Doc. 22-2.) Plaintiff's counsel accordingly accepted the risk of loss in the representation. Plaintiff's counsel additionally expended a total of 27.7 hours while representing Plaintiff before the District Court. (Docs. 22 at 5; 22-3.) The requested fee amount of $42,651.13 represents approximately 23.7% of past-due benefits and is within the applicable maximum to account for the additional $2,309.87 awarded to Plaintiff's counsel at the agency level.  As a result of Counsel's work before the Court, the matter was remanded for further proceedings and the Commissioner awarded Plaintiff benefits.

///

Plaintiff's counsel provided a copy of the notice of award and the motion for attorney's fees to Plaintiff. (Doc. 23.) Although served with the motion, Plaintiff did not challenge the requested fees which attests to their reasonableness. Likewise, the Commissioner did not object to the amount of fees requested by Plaintiff's counsel. (Doc. 25.)

Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by counsel are reasonable in light the results achieved in this action, and the amount, accounting for fees awarded to Plaintiff's counsel at the agency level, does not exceed twenty-five percent maximum permitted under 42 U.S.C. § 406(b).

**IV.    Conclusion and Order**

Based upon the foregoing, the Court ORDERS:

1. Counsel's motion for attorney fees under 42 U.S.C. § 406(b) (Doc. 22) is GRANTED;

2. Plaintiff's counsel is awarded $42,651.13 in attorney fees pursuant to 42 U.S.C. § 406(b); and

3. Plaintiff's counsel shall compensate Plaintiff in the amount of $5,500.00 as an offset for fees previously awarded pursuant to the EAJA.

IT IS SO ORDERED.

Dated:   **August 15, 2022**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE